**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-880 C
Filed: March 17, 2016
NOT TO BE PUBLISHED

**FILED**

MAR 1 7 2016

U.S. COURT OF
FEDERAL CLAIMS

*****************************************
                                                *
PETER and VERNON KALOS,           *

    Plaintiffs, *pro se*,                   *

v.                                                     *

THE UNITED STATES,                *

    Defendant.                          *
*****************************************

**Peter Kalos and Vernon Kalos**, Broad Run, Virginia, *pro se*.

**Ida Nassar**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER CONCERNING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

**I.    RELEVANT FACTUAL BACKGROUND.[1]**

On July 25, 2003, the Federal Bureau of Prisons ("FBOP") awarded Brickwood Contractors, Inc. ("Brickwood") Contract No. J202802c-11 to repair and repaint a 500,000-gallon water storage tank at the Federal Correctional Institution in Loretto, Pennsylvania. Compl. Ex. 1. Brickwood failed to perform the contractual obligations and the FBOP terminated the contract for default on September 15, 2005. Compl. Ex. 3. The FBOP requested that Brickwood accept a no-

---

[1] The relevant facts cited herein are derived from: the August 14, 2015 Complaint ("Compl."); attached Exhibits ("Compl. Exs. 1–6"); and the Exhibits attached to the Government's October 16, 2015 Motion to Dismiss ("Gov't Mot. Exs. A–C"). *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged.").

fault termination and a no-cost settlement, but Brickwood declined. Compl. ¶¶ 7, 9, 13–14. The FBOP did not sue Brickwood's owners, Peter and Vernon Kalos, but filed a performance bond claim against the Greenwich Insurance Company[2] ("Greenwich"). Compl. ¶¶ 8, 19, Exs. 3–4.

Greenwich had three options: (1) pay the FBOP $770,000, the amount of the performance bond; (2) hire a new contractor to complete the contract for less than $770,000; or (3) allow the FBOP to find a replacement contractor and cover the difference. Compl. Ex. 4. On February 1, 2008, after failing to find a replacement contractor, Greenwich signed a Settlement Agreement and agreed to pay the FBOP the full amount of the performance bond. Compl. Exs. 2, 4. The Settlement Agreement, however, did not prevent Greenwich from recovering damages from third parties, including Peter and Vernon Kalos, who secured the performance bond with real property. Gov't Exs. A–C. Although Greenwich demanded cash collateral from the Kaloses, they ignored that request. Compl. Ex. 4. In response, Greenwich foreclosed on the real property. Compl. ¶ 5, Ex. 2; Gov't Exs. A–C.

Thereafter, Brickwood filed suit against the Government in the United States Court of Federal Claims seeking to convert the Termination For Default to a Termination for Convenience Of The Government. Compl. ¶ 14, Ex. 5. Peter and Vernon Kalos also wrote three letters, dated March 3, 2010, March 30, 2010, and April 6, 2010, to the Contracting Officer, seeking a final decision of their claims for "damages arising from [the Government's] execution of [the February 1, 2008] Settlement Agreement and Release Contract with [Greenwich]." Gov't Ex. A; *see also* Compl. ¶ 17, Ex. 6. In those letters, the Kaloses claimed that they incurred a collective loss of over $8,000,000, because the Government settled a counterfeit performance bond with Greenwich. Gov't Ex. B. On May 12, 2010, the Contracting Officer denied Plaintiffs' request for damages, because "[t]he [United States] Court of Federal Claims has dismissed these claims, *see Peter Kalos and Vernon Kalos v. United States*, No. 08-631 C. [There is] no need to issue a [Contracting Officer's Final Decision]." Compl. Ex 6.

## II.    PROCEDURAL HISTORY.

On August 14, 2015, Peter and Vernon Kalos ("Plaintiffs") filed a second Complaint in the United States Court of Federal Claims asking the "[c]ourt to declare Contract No. J20802c-011 ended on September 15, 2005 with no money due to the United States of America." ("Compl.") Compl. ¶ 21. On October 16, 2015, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). On November 10, 2015, Plaintiffs responded by filing a Motion To Strike Defendant's Motion To Dismiss and a Motion For Judgment ("Pls.' Mot.").[3] On November 25, 2015, the

---

[2] There is some confusion about whether Brickwood's surety was Greenwich or the United States Surety Company ("USSC"). According to the Government, USSC and Greenwich share the same address, and USSC, acting as Greenwich's agent, executed the liens on Plaintiffs' property. Gov't Mot. at 3, n.2. Therefore, this Memorandum Opinion refers to the surety as Greenwich.

[3] Pursuant to RCFC 12(f), a motion to strike must be directed at a pleading. RCFC 12(f). In this case, Plaintiffs' November 10, 2015 Motion To Strike does not comport with RCFC 12(f), because it is directed at the Government's October 16, 2015 Motion To Dismiss, which is not a

Government filed an Opposition To Plaintiffs' Motion To Strike Defendant's Motion To Dismiss, Plaintiffs' Motion for Judgment, And A Reply In Support Of Motion To Dismiss.

On December 11, 2015, Plaintiffs filed a Reply to Defendant's Opposition to Plaintiffs' Motion to Strike Defendant's Motion to Dismiss, a Motion for Judgment, And A Reply In Support Of Motion To Dismiss ("Pls.' Reply").

On February 16, 2016, Plaintiffs also filed a Motion for Default Judgment Or Summary Judgment. On February 29, 2016, the Government filed a Motion ("Mot. To Stay") requesting the court to stay briefing on Plaintiffs' February 16, 2016 Motion For Default Judgment, until the court resolved the Government's October 16, 2015 Motion To Dismiss. Gov't Mot. To Stay at 1. On March 16, 2016, Plaintiffs filed a Response To The Government's February 29, 2016 Motion.

## III. DISCUSSION.

### A. Jurisdiction.

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Pursuant to 28 U.S.C § 1494, the United States Court of Federal Claims has jurisdiction to determine amounts due "to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States, or a guarantor . . . of any such . . . contractor." 28 U.S.C § 1494. The basis of this jurisdiction originally was enacted as Section Three of the Tucker Act, ch. 359, 24 Stat. 505 (1887). *See Standard Dredging Co. v. United States*, 71 Ct. Cl. 218, 239 (1930) (explaining that Section Three of the Tucker Act was enacted "to provide for the speedy disposition of claims by the United States against its officers and agents, and against those having contracts with it, by giving to such persons the right to come into this court and compel the United States to answer and have its claim determined").

#### 1. The Government's Argument.

The Government argues that the court does not have jurisdiction for three reasons: (1) Plaintiffs are not proper persons to maintain the action and have not shown they have an unsettled

---

"pleading." The court, however, is cognizant of the obligation to construe *pro se* documents liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, the court will consider the Plaintiffs' November 10, 2015 Motion To Strike as a Response to the Government's Motion To Dismiss.

3

account; (2) the statute of limitations, under 28 U.S.C. § 2501, time-bars the August 14, 2015 Complaint; and (3) *res judicata* bars the August 14, 2015 Complaint. Gov't Mot. at 8.

First, the Plaintiffs are not officers, agents, or contractors with the United States or a guarantor of any such contractor. Gov't Mot at 8–9. Even though the August 14, 2015 Complaint alleges that Plaintiffs were guarantors of a government contractor, it did not provide "facts supporting [this] conclusory statement." Gov't Mot. at 9. Moreover, even if Plaintiffs established they are guarantors of a contract, there is no unsettled account between the United States and a contractor in this case, as required by 28 U.S.C. § 1494. Gov't Mot. at 9. The August 14, 2015 Complaint alleges that the contract remains unsettled, because the Government declined Plaintiffs' request for a Contracting Officer's Final Decision about an alleged claim for damages. Gov't Mot. at 9. That request, however, reargued claims that the United States Court of Federal Claims resolved and the United States Court of Appeals for the Federal Circuit affirmed many years ago. Gov't Mot at 8 (citing *Kalos v. United States*, No. 08-631 C (Fed. Cl. April 27, 2009), *aff'd,* 368 F. App'x 127, 129 (Fed. Cir. 2010)).

Second, under 28 U.S.C. § 2501, a suit against the Government is time-barred, unless it is filed within the six-year statute of limitations period. Gov't Mot. at 10–11. In this case, the statute of limitations began to run when the Government terminated the contract with Brickwood on September 15, 2005. Gov't Mot. at 11. The August 14, 2015 Complaint was filed nearly ten years after September 15, 2005 and over eight years after Brickwood first filed suit against the Government in the United States Court of Federal Claims. Gov't Mot. at 11–12 (citing *Brickwood Contractors Inc. v. United States*, No. 06-695, 2009 WL 426214 (Fed. Cl. Feb. 20, 2009)).

Finally, *res judicata* bars the August 14, 2015 Complaint, because "[a] final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action." Gov't Mot. at 12 (citing *Simons v. United States*, 74 Fed. Cl. 709, 713 (2006)). Plaintiffs' current claim involves the same parties and originates out of the same set of transactional facts as the claim in *Kalos v. United States*, 87 Fed. Cl. 230, 233 (2009) *aff'd,* 368 F. App'x 127 (Fed. Cir. 2010), and became final when the United States Court of Federal Claims dismissed the 2008 Complaint and the United States Court of Appeals for the Federal Circuit affirmed that decision. Gov't Mot. at 12.

### 2. Plaintiffs' Response.

Plaintiffs respond that the court does have jurisdiction, because the August 14, 2015 Complaint (1) satisfies all of the pleading requirements of 28 U.S.C. § 1494; (2) was filed in a timely manner; and (3) is not barred by *res judicata.* Pls.' Mot. at 2.

First, according to *Gerding v. United States*, 28 Ct. Cl. 531 (1893), the United States Court of Federal Claims has jurisdiction whenever any person presents a claim alleging that he is or has been indebted to the United States as an officer, agent, or by virtue of any contract with such person. Pls.' Mot. at 4. The August 14, 2015 Complaint alleges that "Plaintiffs are guarantors of Brickwood," a company that entered into a government contract with the FBOP on July 25, 2003. Compl. ¶¶ 3–4. The August 14, 2015 Complaint also alleges that Plaintiffs asked the FBOP to settle Contract No. J20802c-11, but, the FBOP did not. Compl. ¶¶ 17–18, Ex. 6. Because the agency terminated the contractor's right to proceed, then failed to reach an agreement settling the

contract, Plaintiffs became indebted for amounts due under the contract, and subject to 28 U.S.C. § 1494. Pls.' Reply at 5.

Second, the August 14, 2015 Complaint is "not barred by the statute of limitations." Pls.' Mot. at 2. Statute of limitations under 28 U.S.C. § 2501 does not apply to claims brought by persons "acting separately under 28 U.S.C. § 1494." Pls.' Reply at 5.

Third, *res judicata* also does not bar the Plaintiffs' claims, because the August 14, 2015 Complaint satisfied all of the pleading requirements in 28 U.S.C. § 1494, and, therefore, should be allowed to proceed. Pls.' Reply at 4. Plaintiffs maintain that the final outcome on other contract claims do not affect the court's jurisdiction. Pls.' Reply at 5.

### 3.     The Court's Resolution.

As a threshold matter, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations set forth in 28 U.S.C. § 2501 is a "jurisdictional" requirement. *See San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1349 (Fed. Cir. 2011). A cause of action against the Government accrues "when all the events which fix the [G]overnment's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis omitted). Moreover, "[t]he question whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995).

Section 1494 of the Judicial Code And Judiciary Act does not toll the six-year statute of limitations. *See Bianchi v. United States*, 68 Fed. Cl. 442, 455 (2005) *aff'd in relevant part*, 475 F.3d 1268 (Fed. Cir. 2007) ("[I]f [S]ection 1494 were to be interpreted as [Plaintiff] suggests, as a broad provision that prevented him from bringing his claim for three years on an 'unsettled account' or potentially unpaid account, the statute of limitations on any claim against the government would effectively be nine years by adding the three years in [S]ection 1494 and the six years permitted in [S]ection 2501. This would render the six-year statute of limitations period meaningless.").

In this case, the statute of limitations accrued when the FBOP terminated the contract with Brickwood on September 15, 2005. Compl. ¶ 6. This is more than ten years before Plaintiffs filed the August 14, 2015 Complaint. In addition, even if the statute of limitations did not accrue until the Government entered into the Settlement Agreement with Greenwich, the claim is still untimely. Gov't Ex. C at 3 (In a letter to the Contracting Officer, Peter Kalos admitted, "In July 2008, the [FBOP] revealed it signed a Settlement Agreement and Release contract with the United States Surety Company."). Plaintiffs were aware of the Settlement Agreement in July 2008, so that, the statute of limitations would have run by July 2014. Therefore, the August 14, 2015 Complaint is untimely. Because the August 14, 2015 Complaint is barred by the statute of limitations, the court need not address the parties' remaining arguments.

## IV. CONCLUSION.

For these reasons, the Government's October 16, 2015 Motion to Dismiss is **GRANTED**. Other pending motions now are moot. The Clerk is directed to dismiss Plaintiffs' August 14, 2015 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**