# In the United States Court of Federal Claims

No. 15-880

Filed: June 12, 2017

ORIGINAL

FILED

JUN 1 2 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*****************************        *
                                     *
PETER KALOS, VERON KALOS             *
                                     *
       Plaintiffs, pro se,           *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
       Defendant.                    *
                                     *
*****************************        *
```

Rules of the United States Court of Federal Claims ("RCFC") 60(b)(1), (b)(6) (Relief From a Judgment or Order).

**Peter Kalos and Veron Kalos**, Broad Run, Virginia, *pro se*.

**Kara M. Westercamp**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER CONCERNING PLAINTIFFS' MOTION FOR RELIEF FROM DISMISSAL

**BRADEN**, *Chief Judge*.

On April 3, 2017, Peter and Veron Kalos ("Plaintiffs") filed a Motion For Relief From Dismissal ("Pl. Mot."), pursuant to the Rules of the United States Court of Federal Claims ("RCFC") 60(b)(1) and 60(b)(6). ECF No. 19. Plaintiffs seek relief from the judgment entered on March 18, 2016. ECF No. 12. On April 20, 2017, the Government filed a response ("Gov't Resp."). ECF No. 21. On May 4, 2017, Plaintiffs filed a reply ("Pl. Reply"). ECF No. 22.

The United States Court of Federal Claims may provide relief from a judgment or order under RCFC 60(b) for: "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." RCFC 60(b)(1), (6). "A motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). The Federal Circuit has held that the movant must show "extraordinary circumstances" when filing a motion, pursuant to RCFC 60(b)(6), but not when filing a motion pursuant to RCFC 60(b)(1). *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993) ("While subsection (6) requires a showing of 'extraordinary circumstances,' subsections (1) and (6) of Rule 60(b) 'are mutually exclusive' and the required showing of extraordinary circumstances under subsection (6) does not apply to excusable neglect under subsection (1).") (citations omitted).

7016 3010 0000 4308 3594

But, "once the judgement has been affirmed on appeal, RCFC 60 provides no general exception to the longstanding bar on the trial court's undoing the affirmance based on later presentation of arguments that the challenger presented, or could have presented, in the earlier appeal." *Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013). An RCFC 60 motion is "not available to simply relitigate a case." *Wagstaff v. United States*, 595 F. App'x 975, 978 (Fed. Cir. 2014).

In this case, Plaintiffs' motion under RCFC 60(b)(1) is untimely, because an appeal does not toll the one-year period during which a party may file a Rule 60(b)(1) motion. *See Mudge v. United States*, 78 Fed. Cl. 818, 820 (2007) ("The subsequent appeal did not toll the one-year period[.]") (citation omitted). In addition, an affirmation on appeal does not "start a new period for seeking relief from that judgement." *Id.* (citing *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005)). Plaintiffs signed the certificate of service on March 29, 2017 and their motion was filed on April 3, 2017. Pl. Mot. at 1, 9. The Clerk of the United States Court of Federal Claims entered judgment on March 18, 2016. ECF No. 12. Because Plaintiffs' motion was filed more than one year after judgment was entered, Plaintiffs' Motion For Relief From Dismissal is untimely. *See* RCFC 60(c)(1).

Plaintiffs also fail to show extraordinary circumstances under RCFC 60(b)(6). The United States Court of Appeals for the Federal Circuit has held that "extraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament." *Mendez v. United States*, 600 F. App'x 731, 733 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 62 (2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Plaintiffs argue that "dismissal is a hardship and prejudicial" and that changes made to Plaintiffs' property interest support a finding of extraordinary circumstances. Pl. Mot. at 6. In addition, Plaintiffs appear to argue that the existence of an unsettled claim by the Government is an extraordinary circumstance. Pl. Reply at 6.

Plaintiffs, however, still fail to recognize that the court previously determined that it did not have jurisdiction to adjudicate the claims alleged by their August 14, 2015 Complaint, because Plaintiffs' claims were barred by the relevant statute of limitation, 28 U.S.C. § 2501. *See Kalos v. United States*, No. 15-880 C, 2016 WL 1073275, at *4 (Fed. Cl. Mar. 17, 2016), *aff'd*, 670 F. App'x 714 (Fed. Cir. 2016); *see also* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). This statute of limitations is an explicit condition of the Government's waiver of sovereign immunity and, as a matter of law, jurisdictional. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008) (holding that the six-year statute of limitations set forth in 28 U.S.C. § 2501 is a jurisdictional requirement for a suit in the United States Court of Federal Claims). Therefore, the court cannot grant Plaintiffs relief under RCFC 60(b).

For these reasons, Plaintiffs' Motion For Relief From Dismissal is denied.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Chief Judge**